510 A.2d 152

Terry A. Bedow (Token), Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 12, 1985, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*William E. Barney,* for petitioner.

No appearance for respondent.

*Paul R. Lewis, Kleinbard, Bell & Brecker,* for intervenor, Cooper Energy Services.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., May 12, 1986:

An Unemployment Compensation Board of Review order reversed a referee's decision and denied Terry A. Bedow benefits under Section 402(d) of the Unemployment Compensation Law,[1] concluding that the work stoppage at Cooper Energy Services (Cooper) resulted from a strike, not a lockout. Bedow appeals; we affirm.

Bedow is a token claimant representing similarly situated members of the International Association of Machinists and Aerospace Workers, Local Union No. 1748 (Union). Cooper and the Union held ten negotiation sessions for a new labor-management agreement before the old contract expired. Upon expiration, the Union offered to continue working under the old contract. Cooper refused this offer, which it construed as one to continue for another three years under the same terms, stating that it *needed relief* from that contract.

A work stoppage constitutes a lockout if an employer refuses to extend an expiring contract after the employees offered to continue working for a *reasonable time* under the pre-existing terms. *Philco Corp. v. Unemployment Compensation Board of Review,* 430 Pa.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(d).

101, 242 A.2d 454 (1968). The Union contends that the Board erred by concluding that it did not offer to continue working under the old contract for a "reasonable time." We disagree.

The Union asserts that its offer was only to extend the old contract until the conclusion of negotiations on a new contract. However, both the referee and Board found that the offer was to continue "permanently" under the old contract and there is substantial evidence supporting the Board's finding that this meant for another three years. This is not a "reasonable time" because it denies Cooper the opportunity to negotiate for present relief from the old contract.[2]

The Board's findings are supported by substantial evidence and it did not err by concluding that the Union's offer was not reasonable.

The decision is affirmed.

## ORDER

The order of the Unemployment Compensation Board of Review, No. B-226019 dated January 17, 1984, is affirmed.

---

[2] This situation is distinguishable from that in *Leto Unemployment Compensation Case,* 176 Pa. Superior Ct. 9, 12, 106 A.2d 652, 653 (1954), where claimants were not disqualified from benefits under Section 402(d), because the offer in *Leto* was to continue working under the existing agreement for "a year, a month or even 15 days, *to allow additional time for negotiation.*" (Emphasis added.)